# COMPOSITE EXHIBIT A

NELSON FERNANDEZ,

    Plaintiff,

v.

BUCCAN PALM BEACH,

    Defendant.

_____ /

**EXPERT REPORT AND DECLARATION OF:**

**ROBERT D. MOODY**

I, Robert D. Moody, declare that I have read the following instrument, and the facts and information stated in it are true and correct to the best of my knowledge. I am personally acquainted with the facts stated herein.

1. I am the President, CEO, and Founder of Forensic Data Services, Inc. (d/b/a FDS Global) (hereafter referred to as FDS) based in Broward County, Florida.

2. My company was retained by the law firms of Roderick V. Hannah, Esq. and Pelayo Duran, Esq. counsel for the Plaintiff(s), Nelson Fernandez.

3. The Plaintiff has established that he is visually impaired and asserts his rights under the Americans with Disability Act (ADA).

4. I have been retained to provide consulting services, including ADA auditing, which includes compliance, usability, and accessibility standards (WCAG 2.0/2.1), as well as general functionality analysis for disabled users.

5. My duties with FDS include being the principal investigator and testifying expert.

6. I am certified in Information Systems Auditing, Information Security, and Computer Forensics. Additionally, I have received training relating to my work in this matter and provided my CV to fully describe my education, certification, training, and testifying background. My CV is attached as **Exhibit 1**.

7. My current contract provides that my rates are $450 per hour for technical work and $750 per hour for testimony.

8. Specific to websites and their functionality, I have experience in the auditing, testing, and operability of the website and its content.

9. My work has identified websites that were both WCAG-compliant and non-compliant with WCAG.

10. In the present matter, FDS, with me as the principal investigator, was retained by Plaintiff's counsel on behalf of Plaintiff, a visually impaired user of the internet, to determine whether the Defendant's website had issues that could not be overcome and acted as barriers to the Plaintiff.

11. The process followed by FDS and me, as the principal investigator of this website, includes the following:

    a. Identify the issues encountered by the Plaintiff and examine the website, through a manual review, for the existence of these issues.

    b. Complete the manual review started in paragraph (a) to determine if other issues exist with the Defendant's website that would not be ADA compliance or in line with WCAG 2.0/2.1.

    c. Automated testing of Defendant's website, thus identifying errors or issues that would serve as barriers for disabled users.

    d. Hybrid testing that integrates an automated platform, a manual or guided process, and artificial intelligence.

12. All testing performed on Defendant's website uses Google Chrome Browser, Version 128.0.6613.138, Microsoft Narrator, and Deque Axe Pro. If an accessibility widget exists on the website, it is engaged, and where possible, specific widget features are turned on during testing.

13. The Plaintiff, in his review of the Defendant's website, identified the following:

    a. The logo found on this site, which acts as a link to the homepage, is mislabeled. The screen reader does not relay the logo's purpose, which is creating a way to return to the site's homepage.

    b. Once an item is removed from the shopping cart there is no notification that the action occurred.

    c. Inside the shopping cart not all pricing such as subtotal and tax are accessible.

    d. The telephone number provided on the website lacks a full description. It is read as a number; however, it does not specify it is a telephone number.

    e. The address is recognized by the screen reader but does not state the information is the address of the business.

14. A manual review of the Defendant's website shows that the following issues were present:

    a. The logo found on this site, which acts as a link to the homepage, is mislabeled. The screen reader does not relay the logo's purpose, which is creating a way to return to the site's homepage.

    b. Once an item is removed from the shopping cart there is no notification that the action occurred.

    c. Inside the shopping cart not all pricing such as subtotal and tax are accessible.

    d. The telephone number provided on the website lacks a full description. It is read as a number; however, it does not specify it is a telephone number.

    e.   The address is recognized by the screen reader but does not state the information is the address of the business.

15. The automated testing of the Defendant's website, https://www.buccanpalmbeach.com/, identified the following issues:

    a. Elements must have their visible text as part of their accessible name
    b. Elements must meet minimum color contrast ratio thresholds
    c. Landmarks should have a unique role or role, label, title, combination
    d. All page content should be contained by landmarks
    e. Hidden content on the page should be analyzed
    f. Hidden or empty element receives focus
    g. Control text lacks 4.5:1 contrast ratio on hover or focus
    h. Function cannot be performed by keyboard.
    i. Decorative image is not hidden from screen readers

16. The issues identified during the automated testing were found throughout the website.

17. Hybrid testing combines manual review and automated processes and integrates Artificial Intelligence. This suite of tools identifies specific issues and produces a scorecard dividing them into six distinct categories.

18. In the present case, the scorecard identified **107 issues** and categorized them as follows:

| Critical | Serious | Moderate | Minor | Color Contrast | Other |
|---|---|---|---|---|---|
| 5 | 19 | 19 | 0 | 0 | 64 |

19. To better understand the categories provided above, the following descriptions are provided:

    a. **Critical** - This issue results in blocked content for people with disabilities and will partially prevent them from accessing fundamental features or content. This type of issue puts your organization at risk.

    b. **Serious** - This issue creates barriers for people with disabilities and partially prevents them from accessing fundamental features or content. As a result, people relying on assistive technologies will experience significant frustration.

    c. **Moderate** - This issue creates barriers for people with disabilities but will prevent them from accessing fundamental features or content.

    d. **Color Contrast** - This issue results from an organization not ensuring a proper ratio between the foreground and background of text and pictures. The correct ratio must be 4.5:1 for standard text and 3:1 for large text. Failure to meet this standard creates barriers for disabled users, especially visually impaired users.

    e. **Other -** This issue identifies issues based on what has been determined as a best practice. When taken into account along with items a. through d., a minor problem could be elevated to a critical or severe barrier.

20. The issues listed above and referenced by the scorecard **(107 issues)** identify barriers that would prevent a disabled person from using and enjoying the Defendant's website.

21. The examples provided above specifically identify design elements that do not comply with WCAG and point to issues that would directly impact Plaintiff's ability to use, research, and order the goods and services provided by Defendant.

22. To conclude, given all of the above and considering the issues identified, I can say with a high degree of scientific certainty that the website https://www.buccanpalmbeach.com/ has barriers that create problems for visually disabled persons and have a direct and immediate effective use and enjoyment of the site for persons with low to no vision. Furthermore, as found on the Defendant's website, these defects do not comply with WCAG 2.0/2.1.

23. I reserve the right to update, alter, change, delete, and supplement this declaration in the alternative file if provided with additional relevant material.

**DECLARANT FURTHER SAYETH NOT.**

Under penalty of perjury, I affirm that the preceding statements are true and correct.

_____
**Robert D. Moody**
rmoody@fds.global

Date: 04 September 2025

# Exhibit 1



# Robert D. Moody

 

## Contact Information

**Robert D. Moody**
Forensic Data Services, Inc. (d/b/a FDS Global)
3325 South University Drive, Suite 206
Davie, Florida 33328
(954) 727 – 1957
(954) 854 - 6004

## Education

Nova Southeastern University, Broward County Florida, Bachelor of Science, 1990

St. Thomas University School of Law, Miami-Dade County Florida, Juris Doctorate, 1993

Oxford University, Oxford England, PGDip — Global Business, 2017

## Certification

Certified as an Information Systems Auditor (CISA), Information Systems Audit and Control Association, 2002

Certified as an Information Security Manager (CISM), Information Systems Audit and Control Association, 2003

Certified in Computer Forensics, Oregon State University, 2003

Certified as an Access Data Certified Examiner (ACE), Access Data Corporation, 2009, 2015

Certification in Cell Record and Cell Tower Analysis, FMS Group, UK, 2015

Certified in Blockchain Essentials, eCornell, Cornell University, 2021

Forensic Explorer Certified Examiner (FEXCE), GetData Forensics, 2022

Cellhawk – Basic User Course – Hawks Consulting, 2024

**ADA / Website Accessibility Training**

Web Accessibility (2019)

Learn the Best Practices, Tools, and Techniques (2019)

Testing: - Selenium, BDD, Axe, Pa11y, Jaws, NVDA (2019)

Creating Accessible Websites (2019)

HTML (2020)

Create Mobile Friendly Web Apps with HTML (2020)

Web Content Accessibility Guidelines (WCAG 2.1) Simplified (2019)

Introduction to UX Design for Accessibility and WCAG 2.0 (2020)

Technological Adaptability (2020)

What to look for in an Accessibility Audit (2020)

The ROI of Digital Accessibility (2020)

What to Expect from an Accessibility Audit (2020)

Accessibility and Compliance: How to Measure Digital Accessibility (2020)

Introduction to Screen Readers (2020)

Android Native Mobility Accessibility (2020)

IOS Native Mobility Accessibility (2020)

Customer Service for People with Disabilities (Curriculum) 2023

    Serving Customers with Disabilities (2023)

    Disability Etiquette Basics (2023)

    Effective Communication (PT1 – In Person) (PT2 – Remote) 2023

   Angular Accessibility (Issues, Framework, and Testing) 2023

**Organizations / Associations**

Information Systems Audit and Control Association (ISACA)

International Association of Accessibility Professionals (IAAP)

**ADA Court Opinions**

Fuller v. Things Remembered, Inc., Case No. 19-civ-62034-Gayles/Strauss (Southern District of Florida) (Performed expert services on behalf of [visually impaired?] plaintiff regarding [website compliance?] by the defendant)

Ariza v. Untuckit, LLC, 19-cv-24291-Bloom/Louis (Southern District of Florida) (Performed expert services on behalf of visually impaired plaintiff regarding website compliance by the defendant)

Fernandez v. Shop 601, LLC, Case No. 20-cv-80713 (Southern District of Florida) (Performed expert services on behalf of visually impaired and physically disabled plaintiff regarding website compliance by the defendant)

Paguada v. Yieldstreet Inc., 20-civ-9254-LGS (Southern District of New York) (Performed expert services on behalf of visually impaired, legally blind plaintiff regarding website compliance by the defendant)

Jaquez v. Aqua Carpatica USA, Inc., 20-cv-8487-ALC (Southern District of New York) (Performed expert services on behalf of visually impaired plaintiff regarding website compliance by the defendant)

Angeles v. Grace Products, Inc., 20-cv-10167-AJN (Southern District of New York) (Performed expert services on behalf of legally blind plaintiff regarding website compliance by the defendant)

Quezada v. U.S. Wings, Inc., 20-cv-10707-ER (Southern District of New York) (Performed expert services on behalf of legally blind plaintiff regarding website compliance by the defendant)

Ariza v. South Moon Sales, 21-cv-23604-Williams/McAliley (Southern District of Florida) (Performed expert services on behalf of visually impaired plaintiff regarding website compliance by the defendant)

Fernandez v. Sunday State, Case No. 22-cv-80653-RS (Southern District of Florida) (Performed expert services on behalf of visually impaired and physically disabled plaintiff regarding website compliance by the defendant)

Guerrero v. Ogawa USA Inc., 22-civ-2583-LGS (Southern District of New York) (Performed expert services on behalf of visually impaired and legally blind plaintiff regarding website compliance by the defendant)

Ariza v. Wolf Fashion, LLC, 22-cv-21944-Bloom/Otazo-Reyes (Southern District of Florida) (Performed expert services on behalf of visually impaired plaintiff regarding website compliance by the defendant)

Ariza v. Casablanco Mattress & Furniture Gallery, LLC, 22-cv-23759 (Southern District of Florida) (Performed expert services on behalf of visually impaired plaintiff regarding website compliance by the defendant)

Davis v. Wild Friends Foods, Inc., 22-cv-04244-LJL (Southern District of New York) (Performed expert services on behalf of visually impaired and legally blind plaintiff regarding website compliance by the defendant)

Ariza v. Limonada Group, LLC, Case No. 23-cv-20542-RAR (Southern District of Florida) (Performed expert services on behalf of blind plaintiff regarding website compliance by the defendant)

**Expert Witness Testimony**

State of Florida v. Olivia Rogers, Case No.: F2301546, Testified to the contents of Cellular phone., Deposition.

State of Florida v. Anthony Gene Thomas, Case No.: 05-2019-CF-011476-AXXX-XX, testified at hearing and Deposition regarding data contained in Defendant's devices.

Daniel Decaro and Diana Decaro v. Heights Title Services, LLC, A Florida Limited Liability Company; David S. GED, individually; and Truist Bank, A Foreign Profit Corporation, Case No.: 2022-CA-001999-001-XX, Testified at deposition regarding how a data breach occurred and what was produced during discovery.

State of Florida v. Weston Paul Jines, Case No.: 4621CF000498A, Testified at Deposition as to FDS' analysis of Defendant's devices and what was found on a person of interest's devices.

Jose Juan Renteria et al v. Orlando Padron et al ,Case No.: 2022-012692-CA-01, Testified at a hearing on issues involving Spoliation of evidence.

State of Florida v. Shenard Bohler, Case No.: 24-2222-CF-10A, testified at a hearing regarding the interpretation of Cellular records, GPS records and missing data not provided by the State.

State of Florida v. Douglas Juiffre, Case No.: 14-10935-CF10A, testified as to the necessity in obtaining information associated with Defendant's devices and the method used to obtain that information.

Kimberly Bagley, as Personal Representative of the Estate of Horris Lee Moore, deceased v. Maureen Kent Tabor and Jon Tabor, In the Circuit Court of the 18th Judicial Circuit in and For Brevard County,

Florida, Case Number 05-2021-CA-051255, Testified at Deposition as to the contents of opposing expert's report and the condition of the Decedent's cellular phone. (Deposition)

State of Florida v. Jacob Bowman In the Circuit Court for the 19th Judicial Circuit in and For St. Lucie, Florida, Case Number 56-2021-CF-002380-A, Testified at the Sentencing Hearing regarding the location of CSAM material and how it was found in that location and who had access to it. (Hearing)

State of Florida v. Charles Mabry, Jr. In the Circuit Court of the Tenth Judicial Circuit, In and For Polk County, Florida, Case No: 53-2019-CF-009050-A000-XX, Testified at a Motion to Suppress regarding the process of Law Enforcement extracting files from a Peer to Peer network and its relevancy given no warrant was obtained for the extraction and viewing. (Hearing)

Juan Alcazar, et al v. Fashion Nova, Inc., United States District Court for the Northern District of California, Case No. 4:20-cv-01434-JST, Testified at deposition regarding the WCAG adherence and ADA compliance of a website. (Deposition)

State of Florida v. Carlos Mendez, In the Circuit Court of the 11th Judicial Circuit In and For Miami-Dade County, Florida Case No: F23-005216, testified regarding the status of a cellular phone power based upon records kept by the carrier and data found on the phone itself. (Deposition)

IN RE: Sheppard, Marjory, In the Circuit Court of the 11th Judicial Circuit In and For Miami-Dade County, Florida, Case No: 2022-000118-CP-02, testified regarding the imaging of an iPhone and the verification of data found on the device by Counsel (Deposition)

United States of America v. Christopher Chappell, In the United States District Court for the Southern District of Florida, Case No. 22-60148-CR-SMITH, testified at the Sentencing Hearing as to the lack of CSAM on the Defendant's devices and to the condition of metadata from mobile devices that contradicted the testimony of the Government's witnesses. (Hearing)

State of Florida v. Joseph Baldino, In the Circuit Court of the 19th Judicial Circuit In and For St. Lucie County, Florida, Case No. 562011CF1300, Case on Appeal, Testified as to work I performed in support of Defendant's appeal.(Deposition)

State of Florida v. Michael Tateishi, In the Circuit Court of the 10th Judicial Circuit, In and For Polk County Florida, Case No. 2020-CF009494, testified as to the need to inspect evidence and the protocol for doing so when evidence contained CSAM. (Hearing)

Dean Allen Burri, et al v. EBS South, Inc., et al, In the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida (Civil Division), Case No. 2021-004363-CA-01, Testified as to different issues that occurred in the case. (Multiple Hearings)

Latasha West v. Moral Foods. LLC. , In the Circuit Court of the 17th Judicial Circuit, In and For Broward County, Florida, Case No.: CACE-14-017346 (09), Testified as to the process and analysis associated with surveillance video footage provided by Defendant. (Deposition)

Coastal Construction Company of Palm Beach. Inc. d/b/a Coastal Construction of Palm Beach v. Roll Plumbing Company. Inc., In the Circuit Court for the 11th Judicial Circuit, In and for Miami-Dade County, Florida, Case No.: 08-56455-CA-23, Testified at Evidentiary Hearing regarding the destruction of data and the likelihood of valuable evidence existing if the hard drive had not been tampered with. (Hearing)

Jason Lee and Fine Marketing Solutions. LLC v. Kenneth A. Orr, Evan H, Berger. Triumph Small Cap Fund. Inc. J.D. Lauren, Inc. Solar Grid Capitol. Inc. and Ecologix Resource Group, Inc., In the Circuit Court for the 11th Judicial Circuit, In and For Miami-Dade County, Florida, Case No.: 2012-031582-CA-OI, Testified at Evidentiary Hearing regarding the process for examining evidence. (Hearing)

C.T. and L.T. individually and as parents and Guardians of B.T., a minor v. A.S. and M.S. and SS, a Minor, In the United States District Court for the Southern District of Florida … Records Sealed. (Hearings)

Mary Laurine Umstead v. Horizon Bay Mgt, LLC, et al. In the Circuit Court of the 13th Judicial Circuit of the State of Florida in and For Hillsborough County, Circuit Civil, Testified at Trial as to whether or not the information contained in an Electronic Medical Record system was accurate and whether or not certain operational practices were followed. (Trial)

In Re: Rothstein Rosenfeld and Adler, US Bankruptcy Court for the Southern District of Florida, Case No. : 09-34791-BKC-RBR, Testified at Evidentiary Hearing to qualifications and to be appointed as the Court's expert. Accepted as an Expert and appointed to address complex technical issues facing the Court and issued a report on the same. (Hearing)

United States of America v. Michael Meister, United States District Court Middle District of Florida, Case No. 8:10-CR-339-T-26AEP, Testified at an Evidentiary Hearing regarding the complex issues involved in the collection, and preservation, review, and analysis associated with the Government's case. (Hearing)

United States of America v. William Vazquez Rivera, In the United States District Court for the District of Puerto Rico, Criminal Number 09-361 (JAF), Testified at Trial regarding issues with identifying the specific location of a computer as well as identifying the individual who was at the computer at a specific date and time. (Trial)

Mathew Beck. et al. y. Boce Group, LLC d/b/a Next Café. et al. US District Court for the Southern District of Florida, Case No.: 04-20683-CIV-Cooke, testified regarding the destruction of computer data, the existence of an audit trail, and the possible manipulation of time-keeping records. (Deposition and Trial)

Health Trio v. Ralph Korpman. et al. In the Chancery Court for Davidson County, Tennessee, 20th Judicial District, Civil Action No., 05-559-111, Testified on the potential destruction of evidence, a possible violation of a court order preserving all information on the computer, and the possible destruction of evidence through the use of file scrubbing software. (Deposition and Trial)

William P. Planes, Sr. y. Rocky Shirey. et al., In the Circuit Court for the 6th Judicial Circuit in and for Pinellas County, Florida, Case No.: 06-9077-CI-19, Testified at Evidentiary Hearing regarding issues involving the identification and preservation of data belonging to the Defendants. (Hearing)

Jan Bronstein v. Marc Bronstein, United States District Court, Southern District of Florida, Case No.: 0680656, Testified at deposition regarding the ownership and go-live date of a company's website and its domain. (Deposition)

In Re: The Marriage of Stuart Pressman and Wendy Bulgrin. In the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No.: 06-008172, Testified on topics that included the

collection, preservation, and processing of data stored within a Point-of-Sale System used by the couple's business and inventory issues. (Evidentiary Hearing, Deposition, and Trial)

Building Education Corporation v. Jose Manuel Fernandez. et al. In the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida, Case No.: 03-15909 CA 09, Testified at Evidentiary Hearing providing information to the Court for possible selection as a neutral expert in the investigation and tracking ESI through a large IT infrastructure. (Hearing)

Microsoft Corporation V. Big BQY Distribution. LLC/ In the United States District Court in and for the
Southern District of Florida, Case No.: 07-80296-CIV-Hurley/Vitunac, testified at deposition regarding the examination of Plaintiff's expert's report and the methods used by the said expert in coming to their conclusions. (Deposition)

Orlando/Orange County Expressway Authority v. Tuscan Ridge. et al., In the Circuit Court of the 9th Judicial Circuit in and for Orange County, Florida, Case No.: 2006-CA-006250-O, Testified at Evidentiary Hearing regarding establishing the true and correct Metadata information associated with computer files created by an expert in an Eminent Domain action. (Hearing)

Med Qata Infotech USA, Inc. v. Unnikrishnan Thankappan. et al, In the Circuit Court of the 6th Judicial Circuit in and for Pasco County, Florida. Case No.: 51-2004-CA-00321WS, testified at deposition regarding the contents of several hard drives containing information relating to computer software created by Plaintiff. (Deposition)

Contractors. Inc. v. Turner Construction Company, et al. In the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Complex Business Litigation Section, Case No.: 02-32516CA-40, Testified at Evidentiary Hearing regarding addressing the collection, preservation, processing, analysis, and possible destruction of evidence. (Hearing)

Benjamin J. Philips, Ill y. Oracle USA, Inc: In the Circuit Court of the 4th Judicial Circuit, in and for Duval County, Florida, Case No.: 16-2007-CA-006905-XXXX-MA, Division CV-E, Testified at Evidentiary Hearing regarding issues surrounding the destruction of evidence from a company-owned laptop used by Plaintiff. (Hearing)

Jessica Lane v. Adam Gerry. In the Circuit Court for the 20th Judicial Circuit in and for Collier County, Florida, Civil Action No. 08-9521-CA, testified at deposition regarding issues surrounding the disappearance of a laptop and the information found on the device after it had been recovered. (Deposition)

The Florida Bar v. Jeremy W. Alters, In and for the Supreme Court of Florida (Before a Referee) Supreme Court Case No.: SC14-100, Testified at Trial regarding cellphone data being deleted and the process for examining evidence. (Trial)

**Teaching and lectures by Topic**

- CLE Presentation "**Interpreting the data collected from monitoring devices**"

- FBI Retired Agent's Event – "What one can recover from a mobile device."

- Adjunct Professor — IE Business School, Madrid Spain, master's in cyber security, my area of responsibility is in Digital Forensics and Computer Crimes.

- Computer Forensic Issues Important to the Criminal Defense Bar. Private event sponsored by FDS. In May 2016, Event provided instruction on six different forensic challenges facing criminal defense attorneys in practice.

- Mobile Devices and BYOD/CYOD: the eDiscovery Challenges, Panelist, LawTech Europe Congress 2015 Conference, October 2015.

- The Lifecycle of Electronic Evidence - Have We Finally Got it Right? Panelist, LawTech Europe Congress 2015 Conference, October 2015.

- Cellular Phone Tracking Via Cell Towers - Dispelling the Postmortem Analysis Myth, 7th European Academy of Forensic Science Conference, September 2015.

- Digital Security and the Dangers Facing Every Employer, 7th European Academy of Forensic Science Conference, September 2015.

- Cellular Phone Tracking Via Cell Towers — Dispelling the Postmortem Analysis Myth, High Technology Crime Investigation Association, August 2015.

- 48 Hours of a Cyber Security Breach — What to Do from a Technical Standpoint: A First Responder Case Study, The Daily Business Review's Corporate Counsel Summit, May 2015.

- Data Security: What is a RAT? (Remote Access Trojan), Daily Business Review's Corporate Counsel Summit, November 2014.

- Data Security, Keeping Your Database, Customer Information and Other Proprietary Information Safe and What to Do If There Is A Security Breach, Daily Business Review's Corporate Counsel Summit, April 2013.

- Data Security, LawTech Miami, November 2013.

**Publications**

- Globalization and Data Protection — An Analysis of Practicality, PGDIP — Global Business, Oxford University, February 2017.

- Electronic Discovery — 21st Century Road map, Georgia Defense Lawyers Association Periodical, May 2006.

- Firms Face Forensic Challenge, South Florida Business Journal, May 2006.

- Electronic Discovery: A Smart Five-Step Approach, South Florida Legal Guide, November 2006, Reprinted 2007.

- What Every Business Needs to Know about Evidence Preservation and Electronic Discovery Issues, September 2007.

- Forensic Times Newsletter, 2007 & 2008. (Trade Publication produced by firm)

- Discovery Requests: Knowing when and how to proceed can save thousands and the case, Smart Business, May 2008.

- How to obtain information from an Internet Service Provider, 2016.